AARON D. FORD
  Attorney General
JANET L. MERRILL (Bar No. 10736)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3370 (phone)
(702) 486-3773 (fax)
Email: jmerrill@ag.nv.gov

*Attorneys for Defendants Michael Adams,*
*Christopher Coulston, Daniel Featherly,*
*William Gittere, and Matthew Noriega*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JUSTIN EDMISTEN,

                    Plaintiff,

v.

WILLIAM GITTERE, et al,

                    Defendants.

Case No. 3:22-cv-00158- CLB

**ORDER GRANTING
DEFENDANTS' MOTION FOR
EXTENSION OF THE
DISCOVERY CUT-OFF**

**(FIRST REQUEST)**

Defendants Michael Adams, Christopher Coulston, Daniel Featherly, William Gittere and Matthew Noriega, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Janet L. Merrill, Deputy Attorney General, hereby submit their Motion to Extend the Discovery Cut-off to March 11, 2024.

This Motion is made pursuant to the Federal Rule of Civil Procedure 6(b)(1)(B), and it is based upon the following Memorandum of Points and Authorities and all other pleadings and files contained herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Good cause exists to extend the discovery cut-off to **March 11, 2024**, and to set the dispositive motion and pretrial deadlines following the close of the **new** discovery

cut-off.  The parties are in the process of resolving outstanding discovery requests which were propounded by Defendant Daniel Featherly on November 9, 2023.

This Motion is brought in good faith and based on a telephonic conference with Plaintiff Justin Edmisten which occurred on December 12, 2023, and correspondence received from Edmisten on or about December 19, 2023 (dated December 1, 2023).

## II.    ALLEGATIONS AND PROCEDURAL HISTORY

### A.    Nature of the Allegations

Edmisten filed a conditions-of-confinement claim pursuant to 42 U.S.C. § 1983. After mandatory screening, this Court permitted Edmisten to proceed with his claim against several NDOC staff at Ely State Prison (ESP): Warden Gittere, Senior Correctional Officer Noreagia, Senior Correctional Officer Adams, Correctional Officer) (now Senior Correctional Officer) Featherly, and Correctional Officer) Culston. ECF No. 7 at 3-6.

Edmisten claims that Defendants Adams and Culston made him go a week or more without a shower because they did not want to risk escorting him to the showers because of his positive Covid-19 test. *Id*. at 3-4. Edmisten claims that Noreagia and Featherly left urine and feces on the rotunda overnight or for a few days without disposing of the waste, causing Edmisten to catch Covid-19 and suffer from diarrhea, stomach cramps, nose bleeding, congestion, and vomiting. *Id*. at 4. Edmisten also complains that he was unable to use barber services for three months. *Id*. at 5. Edmisten claims that Warden Gittere was aware of all of this but did nothing. *Id*. at 3. All these constitutional violations allegedly occurred between December 26, 2020, and March 17, 2021. *Id*.

### B.    Procedural History

On June 5, 2023, Defendants filed a Case Management Report.  ECF No. 31.  A Case Management Conference was held on June 14, 2023.  ECF No. 33.  This Court provided 180 days for discovery which calculates to December 11, 2023.  *Id*.[1]

---

[1] A Scheduling Order has not been issued in the case.

Defendants disclosed their initial disclosures on June 1, 2023. Edmisten has not yet provided any disclosures.

On November 9. 2023, Defendant Featherly propounded eight Interrogatories and ten Requests for Admissions on Edmisten. The discovery requests primarily focus on the exhaustion of administrative remedies. Defense counsel did not receive written responses and as such, set up a telephonic conference with Edmisten which occurred on December 12, 2023. During the call Edmisten verbally requested an additional thirty days to respond to Defendant's discovery requests. Defense counsel verbally granted the extension.

Given such, both excusable neglect and good cause exist to extend the discovery period to March 11, 2024. This new deadline permits adequate time for Edmisten to respond to Defendant's written discovery, provides Edmisten more time to make disclosures as desired, and permit time for the parties to meet and confer should his responses be inadequate or delayed.

Based on such, Defendants respectfully ask this Court to grant their motion for an extension of the discovery cut-off as well as set the following deadlines in this matter:

- Discovery cutoff: March 11, 2024;
- Deadline to file discovery motions: April 9, 2024;
- Deadline to file dispositive motions: May 9, 2024;
- Deadline to file joint pre-trial order: June 8, 2024.

## III. LEGAL ARGUMENT

Pursuant to FED. R. CIV. P. 6(b)(1) and/or Rule 16 (b), the court may, based on excusable neglect and/or for good cause, extend the discovery cut-off after its expiration.

The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citations omitted).

1
2
3
4
5
6

Defendants submit that there is no prejudice to Plaintiff Edmisten but rather benefit to him in extending the discovery cut-off.  Undersigned counsel granted him additional time to respond to the discovery requests propounded on him (which include requests for admissions).  Edmisten verbally agreed to an extension of the discovery cut-off and indicated that thirty days was adequate. In other words, the parties have stipulated to, at minimum, a thirty-day extension.

7
8
9
10
11

Defendants, however, out of an abundance of caution, respectfully request a ninety-day extension to the discovery cut-off.  The processing of mail from NDOC facilities and its receipt by the Office of Attorney General frequently takes more time than typical due to scanning/processing. Time will be needed to review the responses and assess the need, if any, to meet and confer further.

12
13
14
15

Notably, this is the <u>first</u> request for an extension of any deadline since the Case Management Conference.  An additional ninety days of discovery is brief and importantly provides Edmisten time to demonstrate any exhaustion of remedies, an issue raised by Defendants.

16
17

The delay in filing this Motion stems from the time necessary to set up communications with Edmisten as well as the instant holidays.

18
19
20

This Motion is submitted in good faith, agreed to by Edmisten (at least as to thirty days) and is made to provide Edmisten with additional time to respond to Defendant's discovery requests.

21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1

**IV.     CONCLUSION**

2          Based upon the foregoing, Defendants respectfully submit that excusable neglect

3   and good cause exist to grant their Motion to extend the discovery cut-off to March 11,

4   2024, and to set a dispositive deadline and other pre-trial deadlines thereafter.

5          DATED this 28th day of December 2023.

6                                            AARON D. FORD
                                             Attorney General
7
                                             By:  */s/ Janet L. Merrill*
8                                                 JANET L. MERRILL (Bar No. 10736)
                                                  Deputy Attorney General
9
                                             *Attorneys for Defendants*
10

11

12  **IT IS SO ORDERED.**

13  **DATED:** January 2, 2024

14

15

16                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28