UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN EDMISTEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM L. GITTERE, *et. al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00158-CLB<br><br>**ORDER** |

On May 9, 2024, Defendants filed their motion for summary judgment. (ECF No. 44.) Pursuant to the Court's electronic filing system, the motion was delivered to Plaintiff Justin Edmisten ("Edmisten") at his listed mailing address at High Desert State Prison ("HDSP"). The Court also entered a minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to the motion for summary judgment to Edmisten at HDSP. (ECF No. 45.) HDSP returned both the motion for summary judgment and the Court's minute order as "undeliverable," stating Edmisten is "not at HDSP." (ECF Nos. 46, 47.)

Pursuant to Local Rule IA 3-1, a party must immediately file with the Court written notification of any change of mailing address. Thus, the Court directed Edmisten to file a notice of change of address by July 8, 2024. (ECF No. 48.) Edmisten was cautioned that his failure to comply with this Court's order would result in dismissal of this action. Edmisten failed to comply with this Court's order. (*Id*.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Edmisten to update his address explicitly stated that: "Failure to comply with this rule may result in dismissal of this action." (ECF No. 48.) Thus, Edmisten had adequate warning that dismissal would result from his noncompliance with the Court's order to update his address. Thus, Edmisten failed to comply with this Court's

order to update his address, and his case should be dismissed.

**IT IS ORDERED** that this action be **DISMISSED** without prejudice based on Edmisten's failure to update his address in compliance with the Court's order; and,

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: July 10, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**